Cate vs. Ross.

---

CASE 11—PETITION ORDINARY—FEBRUARY 17.

# Cate vs. Ross.

APPEAL FROM BALLARD CIRCUIT COURT.

1. If the office of sheriff becomes vacant, the county court should appoint a successor, to hold until the next ensuing August election, and until the successor then chosen shall qualify. (*Section 7, article 6, Constitution, Myers' Supplement, page* 464.)

2. Section 4, article 6, of the Constitution, prescribes the time when sheriffs, elected at the regular biennial elections, shall enter upon the duties of their offices, and has no application to sheriffs elected to fill vacancies.

3. A county judge refusing to receive the bond, and to allow one elected sheriff to qualify, may be compelled by mandamus.

E. I. BULLOCK, for appellant, cited *Ky. Const.*, *sec. 4, art. 6;* 2 *Rev. Stat.*, 351; *Ibid*, 265.

BIGGER & MOSS, for appellee, cited *Ky. Const.*, *sec. 7, art. 6;* 3 *Met.*, 237; *Sess. Acts*, 1861–2–3, *pp.* 60, 315; 1 *R. S.*, 450; 2 *R. S.*, 239, 339, 340.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

In August, 1864, S. W. Owen was elected sheriff of Ballard county, and having failed, in the succeeding January, to execute his official bond and qualify, as required by law, the office was declared vacant, and T. D. Campbell appointed by the proper authority to fill the vacancy, *until the ensuing August election,* as is alleged in the petition, and not controverted.

It appears, that, at the election in August, 1865, for Ballard county, appellee was elected sheriff of said county, to fill the unexpired term for which said Owen had been elected, and at the August term, 1865, of the Ballard county court, he presented his certificate of election, from the legally constituted board of examiners to certify said election, to appellant Cate, judge of the county court of Ballard, and A. J. Warden, clerk of said court, and then and there offered to execute his official bonds, with several persons named as his sureties, who were good and solvent, and demanded of said court to be permitted to execute bond and qualify as sheriff of said county, for the term for which he was elected; but appellants refused to permit him to do so. Whereupon, he filed his petition in the court below, praying for a writ of *mandamus* to compel appellant Cate to permit him to execute his official bond, qualify as sheriff of said county, and enter upon the discharge of the duties thereof.

The court below granted the relief prayed for in the petition, and a reversal of that judgment is asked by Cate and Warden.

Cate vs. Ross.

The appointment of Campbell, according to the uncontroverted allegation of the petition, only extended to the election in August, 1865, and then terminated; he could not, therefore, have exercised the functions of sheriff of said county after that event transpired, unless there had then been no election of sheriff to fill said vacancy, and he had been again appointed; and that, of itself, would be a conclusive answer to the argument of appellant's counsel, founded on the fact that he had executed bond for the collection of the State revenue.

But section 7, article 6, of the Constitution of Kentucky (1 *Rev. Stat.*, 142), provides, that vacancies in offices under this article shall be filled, *until the next regular election*, in such manner as the *General Assembly* may provide.

The office of sheriff is one of those named in article 6, *supra*, and the *General Assembly*, by an *act* approved 26*th of February*, 1862, entitled "An act to amend the Revised Statutes in regard to filling vacancies in the office of sheriff," conferred the power on the county court to temporarily fill a vacancy in the office of sheriff until the next succeeding August election, and until the successor then chosen shall qualify. (*Session Acts*, 1861–62–63, *page* 60.)

Thus limiting the appointing power to the period fixed by the 7th section of article 6, of the Constitution, before cited, and beyond which the *Legislature* could not go.

Section 4, article 6, of the Constitution, as is most obvious from the context, prescribes the time when sheriffs, elected at the regular biennial elections, shall enter upon the duties of their respective offices, and has no application to elections of sheriffs to fill vacancies.

A different construction is not only illogical, but would render the two *sections* repugnant to each other.

The judgment of the court below is, therefore, *affirmed.*